**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **AIDONG ZOU** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No.: 23cv16600** |
| | ) | |
| **THE ENTITIES AND INDIVIDUALS** | ) | **Honorable Judge Virginia M. Kendall** |
| **IDENTIFIED IN ANNEX "A"** | ) | |
| | ) | **Magistrate Judge Jeannice W. Appenteng** |
| Defendants. | ) | |
| | ) | |
| | ) | |

<u>**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**</u>

Defendant stores Duailipin (#5), Alayger (#6), VRPQ (#8), OLDSH (#1), RRGIOH (#2), Shenzhen Tinff Technology Co., Ltd. (#11), and SUMMERJOY (#143). (Hereinafter, the "Seven Defendant Stores") hereby answer the complaint as follows:


1.     Plaintiff owns original works for purposes of slipper products. Plaintiff is the owner of the copyrights which are the subject of this action, U.S. Copyright Reg. Nos. VA 2-371-834 and VA 2-371-731 (the "Plaintiff's Copyrights").

**Answer: The Seven Defendant Stores are without information to either confirm or deny the allegations Paragraph 1 of the Plaintiff's Complaint and thereby deny them.**


2.     Plaintiff is an individual doing business and sells, via his company, products on online platforms to U.S. customers. Plaintiff's products bearing Plaintiff's Copyrights are and have been the subject of substantial marketing and promotion by Plaintiff.

 **Answer: The Seven Defendant Stores are without information to either confirm or deny the allegations Paragraph 2 of the Plaintiff's Complaint and thereby deny them**.

1

3.     Plaintiff discovered that numerous sellers on various platforms are misappropriating Plaintiff's Copyrights and selling illegal and unauthorized reproductions and/or derivatives of Plaintiff's Copyrights.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 3 of the Plaintiff's Complaint. Defendants lack knowledge as to the other Defendants.**

4.     Defendants are individuals and entities who sell and/or offer to sell products that infringe Plaintiff's Copyrights (the "Infringing Products") through various "storefronts" via online retail websites accepting U.S. Dollars. Upon information and belief, Defendants reside and operate in the People's Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

**Answer: The Seven Defendant Stores admit that they are Chinese businesses that operate online stores. The Seven Defendant Stores denies any remaining allegations of this paragraph. The Seven Defendant Stores lack knowledge as to the other Defendants.**

5.     Upon information and belief, Defendants receive or purchase the Infringing Products from one or more major manufacturers in China. The identities of the major manufacturers remain unknown to Plaintiff.

**Answer: The Seven Defendant Stores admit that they sell products manufactured in China. The Seven Defendant Stores denies any remaining allegations in this paragraph. The Seven Defendant Stores lack knowledge as to the other Defendants.**

6.      On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Annex "A" attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 6 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

7.      At present, many of the Defendants use different nondescript seller aliases and can only be identified through their storefronts and other limited publicly available information. No credible information regarding Defendants' physical addresses is provided. Plaintiff will voluntarily amend its Complaint as needed if Defendants provide additional credible information regarding their identities.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 7 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

8.      According to FY 2021 Intellectual Property Right Seizure Statistics report by U.S. Customs and Border Protection ("CBP"), 51% of the total number of seizure lines originated from mainland China and Hong Kong. Exhibit D, FY 2021 Intellectual Property Right Seizure Statistics report.

**Answer: The Seven Defendant Stores are without information to either confirm or deny the allegations Paragraph 8 of the Plaintiff's Complaint and thereby deny them.**


9.      Third party online platforms do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." Exhibit E, Daniel C.K. Chow, Alibaba, Amazon, and Counterfeiting in the Age of the Internet, 40 NW. J. INT'L L. & BUS. 157, 186 (2020). "At least some e-commerce platforms, little identifying information is necessary for [an infringer] to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary." Exhibit F, Combating Trafficking in Counterfeit and Pirated Goods prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans. Because these online platforms generally do not require a seller to identify the underlying business entity, infringers can have many different profiles that can appear unrelated even though they are commonly owned and operated. Id. at 39.

**Answer: The Seven Defendant Stores are without information to either confirm or deny the allegations Paragraph 9 of the Plaintiff's Complaint and thereby deny them**.


10.     Defendants employ and benefit from substantially similar advertising and marketing strategies in concert. Defendants' e-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, and/or PayPal. Defendants' e-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. Many of the Defendants employ the same product images and sell identical products.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 10 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

11.     E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 11 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

12.     E-commerce store operators like Defendants regularly register new seller aliases for the purpose of offering for sale and selling infringing products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their operation, and to avoid being shut down. Even after being shut down, such e-commerce store operators may conveniently register another storefront under another seller alias and continue to sell the infringing products.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 12 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

13.     Defendants use many fake names, but their e-commerce stores have common identifiers, such as similar templates that hide any contact or identification information. Their stores also have other shared features, such as the same registration, payment, check-out, keywords, advertising, price, quantity, grammar, spelling, text, and images. Moreover, the products they sell are not authorized and have similar flaws, which implies that they come from the same source and that Defendants are connected.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 13 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

14.     Defendants use different fake names and payment accounts to keep selling despite Plaintiff's actions. They also have bank accounts outside this Court's reach and may move money there to avoid paying any monetary judgment to Plaintiff. In fact, financial records from similar cases show that off-shore sellers frequently transfer money from U.S. accounts to foreign ones.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 14 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

15.     Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 15 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

16.     Defendants conduct business throughout the United States, including within Illinois and in this District, through the operation of fully interactive commercial websites and online marketplaces operating under the Defendants' Seller Aliases ("Defendant Internet Stores"). Each Defendant targets the United States, including Illinois, and has, upon information and belief, sold, offered for sale, and continues to sell, products containing Plaintiff's Copyrights to consumers within the United States and this District.

**Answer: The Seven Defendant Stores admit that operate an online store. The Seven Defendant Stores denies any remaining allegations in this paragraph. The Seven Defendant Stores lack knowledge as to the other Defendants.**

17.     Upon information and belief, Defendants will likely continue to sell and offer for sale products containing Plaintiff's intellectual property, namely products containing in whole, or in part, Plaintiff's Copyrights, unless preliminarily and permanently enjoined.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 17 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

18.     Defendants use their Internet-based businesses to infringe the intellectual property rights of Plaintiff and others.

7

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 18 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

19.     The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with Plaintiff's intellectual property rights and the destruction of the legitimate market sector in which it operates.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 19 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

20.     Upon information and belief, at all times relevant hereto, Defendants had actual or constructive knowledge of Plaintiff's intellectual property rights, including Plaintiff's exclusive right to use and license such intellectual property rights.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 20 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

21.     Defendants, and each of them, have willfully copied, reproduced, distributed, sold, and/or offered for sale Plaintiff's Copyrights for financial benefit by, without limitation, reproducing Plaintiff's Copyrights online and/or products bearing copies of Plaintiff's Copyrights for commercial benefit, including without limitation, through Defendants' Internet Stores.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 21 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

22.     Defendants are using identical copies of Plaintiff's Copyrights on Infringing Products. True and correct screen captures depicting non-inclusive exemplars of the Defendants' unauthorized use are shown in Exhibit C alongside Plaintiff's Copyrights for comparison. These copies and screen captures represent non-inclusive exemplars of the Infringing Products.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 22 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

23.     Defendants advertise their e-commerce stores to the consuming public via e-commerce stores on Internet marketplace websites.

**Answer: The Seven Defendant Stores admit that operate e-commerce stores. The Seven Defendant Stores denies any remaining allegations in this paragraph. The Seven Defendant Stores lack knowledge as to the other Defendants.**

24.     In advertising their stores and products, Defendants improperly and unlawfully use Plaintiff's Copyrights without Plaintiff's permission.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 24 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

25.     By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiff's genuine goods.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 25 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

26.     Defendants are causing individual, concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiff and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiff's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value associated with the images, and (iii) increasing Plaintiff's overall cost to market its goods and educate consumers via the Internet.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 26 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

27.     As a result, Defendants are defrauding Plaintiff and the consuming public for Defendants' own benefit. Upon information and belief, Defendants facilitate sales by designing their platform accounts so that they appear unknowing to customers to be authorized online retailer, outlet stores, or wholesalers selling genuine products bearing Plaintiff's Copyrights. Many of the Defendant Internet Stores look sophisticated and accept payment in US Dollars via credit cards, PayPal, and

other legitimate payment methods. Defendant Internet Stores include design elements that make it very difficult for consumers to distinguish such infringing sites from authorized seller websites.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 27 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

28.     Upon information and belief, at all times relevant hereto, Defendants had direct or constructive knowledge of Plaintiff's ownership of Plaintiff's Copyrights, including its exclusive right to use and license such Plaintiff's Copyrights, through Plaintiff's Internet stores on Amazon.com and Walmart, along with Plaintiff's publication, http://www.teddybearslipper.com, which can be found using internet search engines.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 28 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

29.     Defendants' use of Plaintiff's Copyrights, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their infringing goods, is without Plaintiff's consent or authorization.

**Answer: The Seven Defendant Stores admit they do not have an agreement with Plaintiff but otherwise deny the allegations in Paragraph 29 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

30.     Defendants are engaging in the above-described infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights for the purpose of trading on Plaintiff's intellectual property and reputation.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 30 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

31.     Plaintiff has not in any way authorized Defendants, or any of them, to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of Plaintiff's Copyrights.

**Answer: The Seven Defendant Stores admit they do not have an agreement with Plaintiff but otherwise deny the allegations in Paragraph 31 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

32.     If Defendants' intentional infringing activities are not preliminarily and permanently enjoined, Plaintiff and the consuming public will continue to be harmed.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 32 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

33.     Defendants' infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during and after the time of purchase.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 33 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

34.     Defendants are likely to transfer or conceal their assets to avoid payment of any monetary judgment awarded to Plaintiff.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 34 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

35.     Plaintiff is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and infringing activities and their wrongful use of Plaintiff's intellectual property rights.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 35 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

36.     Plaintiff should not have competition from Defendants because Plaintiff never authorized Defendants to use Plaintiff's Copyrights.

**Answer: The Seven Defendant Stores admit they do not have an agreement with Plaintiff but otherwise deny the allegations in Paragraph 36 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

13

37.     Plaintiff has no adequate remedy at law.

 **Answer: The Seven Defendant Stores deny the allegations in Paragraph 37 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

38.     This Court has original subject matter jurisdiction over the claims in this action arising under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, et seq., under 28 U.S.C. §§ 1331 and 1338(a), (b).

**Answer: Admitted.**

39.     Defendants are subject to personal jurisdiction in this District because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the state of Illinois and this district, through at least the Internet-based e-commerce stores accessible in Illinois.

**Answer: The Seven Defendant Stores admit that they operate online stores that are accessible in Illinois. The Seven Defendant Stores denies any remaining allegations of this paragraph. The Seven Defendant Stores lack knowledge as to the other Defendants.**

40.     Defendants are further subject to personal jurisdiction in this district because each Defendant directly targets consumers in the United States, including in Illinois, through at least the fully interactive commercial Internet stores operating under the Defendant domain names and/or the Seller Aliases identified in Annex "A" attached hereto (collectively, "Defendants" or "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois

residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products infringing Plaintiff's copyrighted artwork and work. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accepts payment in United States Dollars, and on information and belief, has sold infringing products to Illinois residents. Each of the Defendants are committing tortious and illegal activities directed towards the state of Illinois and causing substantial injury in Illinois, and Plaintiff's claims arise out of those activities.

**Answer: The Seven Defendant Stores admit that they operate online stores that are accessible in Illinois, offer shipping to the United States and accept payments in United States Dollars. The Seven Defendant Stores denies any remaining allegations of this paragraph. The Seven Defendant Stores lack knowledge as to the other Defendants.**


41.     Alternatively, Defendants are subject to personal jurisdiction in this district under Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 41 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**


42.     Venue is proper in this district under 28 U.S.C. § 1400(a) because Defendants and their agents are subject to the court's personal jurisdiction and therefore reside in this judicial district or may be found here.

15

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 42 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

43.     Venue in this judicial district is otherwise proper under 28 U.S.C. § 1391(b)(3) because Defendants are subject to the court's personal jurisdiction and not a resident in the United States and therefore there is no district in which any action may otherwise be brought.

**Answer: The Seven Defendant Stores admit they are not residents of the United States but otherwise deny the allegations in Paragraph 43 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

44.     Defendants are promoting, selling, offering for sale and distributing goods bearing identical or strikingly similar imitations of Plaintiff's Copyrights within this District.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 44 of the Plaintiff's Complaint as to the Seven Defendant Stores. The Seven Defendant Stores lack knowledge as to the other Defendants.**

45.     Joinder of all Defendants is permissible under Fed. R. Civ. P. 20(a)(2) that permits joinder of persons in an action as Defendants where any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all Defendants will arise in this action.

**Answer: Admitted.**

46.     Joinder of the multiple Defendants is permitted because Plaintiff asserts rights to relief against these Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and common questions of law or fact will arise in the action.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 46 of the Plaintiff's Complaint.**

47.     Joinder of the multiple Defendants serves the interests of convenience and judicial economy, which will lead to a just, speedy, and inexpensive resolution for Plaintiff, Defendants, and this Court.

**Answer: The Seven Defendant Stores disagree with the conclusions in Paragraph 47 of the Plaintiff's Complaint.**

48.     Joinder of the multiple Defendants will not create any unnecessary delay, nor will it prejudice any party. On the other hand, severance is likely to cause delays and prejudice Plaintiff and Defendants alike.

**Answer: The Seven Defendant Stores disagree with the conclusions in Paragraph 48 of the Plaintiff's Complaint.**

49.     Joinder of the multiple Defendants is procedural only and does not affect the substantive rights of any defendant listed on Annex "A" hereto.

**Answer: The Seven Defendant Stores disagree with the conclusions in Paragraph 49 of the Plaintiff's Complaint.**

50.     This court has jurisdiction over the multiple Defendants. Venue is proper in this court for this dispute involving the multiple Defendants.

**Answer: The Seven Defendant Stores disagree with the conclusions in Paragraph 50 of the Plaintiff's Complaint.**

51.     Plaintiff's claims against the multiple Defendants are all transactionally related.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 51 of the Plaintiff's Complaint.**

52.     All Defendants' actions are logically related. All Defendants are engaging in the same systematic approach of establishing online storefronts to redistribute illegal products from the same or similar sources while maintaining financial accounts that the Defendants can easily conceal to avoid any real liability for their actions.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 52 of the Plaintiff's Complaint.**

53.     All Defendants undertake efforts to conceal their true identities from Plaintiff to avoid accountability for their activities.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 53 of the Plaintiff's Complaint.**

54.     All Defendants use payment and financial accounts associated with their online storefronts or the online platforms where their online storefronts reside.

**Answer: Admitted.**

55.     All Defendants use their payment and financial accounts to accept, receive, and deposit profits from their illegal activities.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 55 of the Plaintiff's Complaint.**

56.     All Defendants can easily and quickly transfer or conceal their funds in their use of payment and financial accounts to avoid detection and liability in the event their efforts are discovered, or Plaintiff obtains monetary award.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 56 of the Plaintiff's Complaint.**

57.     All Defendants understand that their ability to profit through anonymous Internet stores is enhanced as their numbers increase, even though they may not all engage in direct communication or coordination.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 57 of the Plaintiff's Complaint.**

58. Defendants' business names, associated payment accounts, and any other alias seller names or e-commerce stores used in connection with the sale of infringements of Plaintiff's intellectual property rights are essential components of Defendants' online activities and are one of the means by which Defendants further their infringement scheme and cause harm to Plaintiff.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 58 of the Plaintiff's Complaint.**

59. Defendants are using infringements of Plaintiff's intellectual property rights to drive Internet consumer traffic to their e-commerce stores and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights at Plaintiff's expense.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 59 of the Plaintiff's Complaint.**

60. Defendants, through the sale and offer to sell infringing products, are directly and unfairly competing with Plaintiff's economic interests in the state of Illinois and causing Plaintiff harm and damage within this jurisdiction.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 60 of the Plaintiff's Complaint.**

61. Upon information and belief, at all times relevant hereto, Defendants had actual or constructive knowledge of Plaintiff's intellectual property rights, including Plaintiff's exclusive right to use and license such intellectual property rights.

20

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 61 of the Plaintiff's Complaint.**

62.     United States Copyright Reg. No. VA 2-371-834 was duly and legally issued by the United States Copyright Office for a work entitled "Teddy Bear Slipper", with an effective date ofregistration on November 14, 2023 and date of first publication on July 18, 2019. A true and correct copy of United States Copyright Reg. No. VA 2-371-834 is attached hereto as Exhibit A. United States Copyright Reg. No. VA 2-371-731 was duly and legally issued by the United States Copyright Office for a work entitled "3D teddy bear slippers design", with an effective date of registration on November 20, 2023 and date of first publication on July 28, 2020. A true and correct copy of United States Copyright Reg. No. VA 2-371-731 is attached hereto as Exhibit B. (collectively "Plaintiff's Copyrights").

**Answer: Admitted.**

63.     Plaintiff complied in all respects with the Copyright Act, 17 U.S.C. § 101, et. seq., and is the sole owner of the exclusive rights, title, interests, and privileges in and to Plaintiff's Copyrights.

**Answer: The Seven Defendant Stores are without information to either confirm or deny the allegations Paragraph 63 of the Plaintiff's Complaint and thereby deny them.**

64.     Genuine products bearing Plaintiff's Copyrights are sold by Plaintiff and its authorized distributors.

**Answer: The Seven Defendant Stores are without information to either confirm or deny the allegations Paragraph 64 of the Plaintiff's Complaint.**

65.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

**Answer: The Seven Defendant Stores repeat and incorporate by reference the answers to paragraphs 1-64 of this Complaint**.

66.     Plaintiff, an individual, has complied in all respects with the Copyright Act of the United States and other laws governing copyright and secured the exclusive rights and privileges in and to the copyrights at issue.

**Answer: The Seven Defendant Stores are without information to either confirm or deny the allegations Paragraph 66 of the Plaintiff's Complaint.**

67.     Under 17 U.S.C. § 106, Plaintiff has the exclusive rights and privileges to reproduce, prepare derivative works, distribute copies, and import copies into the United States of the Plaintiff's Copyrights.

**Answer: Admitted**.

68.     Plaintiff alleges that Defendants, and each of them, infringed Plaintiff's exclusive copyrights by creating infringing derivative works, copying, displaying, and/or distributing works to the public based upon Plaintiff's copyrighted works in violation of 17 U.S.C. § 106, as seen in Exhibit C.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 68 of the Plaintiff's Complaint.**

69.     Due to Defendants' Infringing Use as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in Plaintiff's Copyrights. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's Copyrights in an amount to be established at trial.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 69 of the Plaintiff's Complaint.**

70.     Defendants' conduct constitutes willful and direct copyright infringement. The similarities between Plaintiff's Copyrights and Infringing Use further proves the willful and direct infringement by Defendants.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 70 of the Plaintiff's Complaint.**

71.     On information and belief, Defendants routinely and intentionally infringe the intellectual property rights of others, including but not limited to, acting with willful blindness and/or reckless disregard.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 71 of the Plaintiff's Complaint.**

72.     Due to Defendants', and each of their, acts of infringement, Plaintiff has actually and proximately suffered actual, general, and special damages in an amount to be established at trial under 17 U.S.C. § 504(b) and (c).

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 72 of the Plaintiff's Complaint.**

73.     The harm caused to Plaintiff is irreparable.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 73 of the Plaintiff's Complaint.**

74.     Plaintiff is entitled to temporary and permanent injunctive relief from Defendants' willful infringement.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 74 of the Plaintiff's Complaint.**

75.     Plaintiff complied with registration requirements for Plaintiff's Copyrights before the commission of the infringement at issue and on that basis seeks statutory damages in an amount up to $150,000.00 per work per the Copyright Act.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 75 of the Plaintiff's Complaint.**

76.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants,

and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 76 of the Plaintiff's Complaint.**

77.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

**Answer: The Seven Defendant Stores repeat and incorporate by reference the answers to proceeding paragraphs of this Complaint.**

78.     On information and belief, Plaintiff alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of Plaintiff's Copyrights as alleged hereinabove. Such conduct included, without limitation, creating derivative works, creating products which use Plaintiff's Copyrights, and/or selling such derivative works and products and that Defendants knew, or should have known, were not authorized to be published by Defendants.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 78 of the Plaintiff's Complaint.**

79.     On information and belief, Plaintiff alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing

25

conduct. Specifically, Defendants, and each of them, profited in connection with the Infringing Use, and were able to supervise the distribution, broadcast, and publication of the Infringing Use.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 79 of the Plaintiff's Complaint.**

80.    By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered general and special damages in an amount to be established at trial.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 80 of the Plaintiff's Complaint.**

81.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in Plaintiff's Copyrights. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff rights in Plaintiff's Copyrights, in an amount to be established at trial.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 81 of the Plaintiff's Complaint.**

82.    On information and belief, Plaintiff alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages

under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

**Answer: The Seven Defendant Stores deny the allegations in Paragraph 82 of the Plaintiff's Complaint.**

## ADDITIONAL DEFENSES

Defendants allege and assert the following additional defenses (in addition to those stated above), undertaking the burden of proof only as to those defenses which are affirmative defenses under the law. In addition to the defenses asserted below, Defendants specifically reserve all rights to assert any other or additional defenses that are now or may become available or appear during, or as a result of, the proceedings or further investigation in this action.

**FIRST AFFIRMATIVE DEFENSE**: Improper Joinder

Plaintiff joined unrelated parties in this action.

**SECOND AFFIRMATIVE DEFENSE:** Failure to State a Claim

Plaintiff has failed to state a claim upon which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE:** Waiver, Acquiescence, and/or Consent

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, acquiescence, and/or consent.

**FOURTH AFFIRMATIVE DEFENSE**: Noninfringement of Copyrights

27

The Seven Defendant Stores did not infringe Plaintiff's copyrights.

**FIFTH AFFIRMATIVE DEFENSE:** Access

Plaintiff has failed to show access to the copyrighted work.

**SIXTH AFFIRMATIVE DEFENSE:** Little to no Protectable Expression

Plaintiff's copyrights are for a utilitarian article with little to no original protectable elements.

**SEVENTH AFFIRMATIVE DEFENSE**: Failure to Mitigate Damages

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff has failed to mitigate damages.

**EIGHT AFFIRMATIVE DEFENSE**: No Actual Damages

Plaintiff's claim for actual damages is barred, in whole or in part, because Plaintiff has failed to allege any purported damages with the requisite particularity and because such damages are speculative and imprecise.

**NINTH AFFIRMATIVE DEFENSE**: No Statutory Damages

Plaintiff's claim for statutory damages is barred, in whole or in part, because Plaintiff did not register the work prior to the alleged infringing use or within three months first publication of the work. Plaintiff's claim for statutory damages is also barred, in whole or in part, because the Seven Defendant Stores have not willfully infringed any intellectual property or other rights owed by Plaintiff and because the Seven Defendant Stores has acted in good faith and without any intention of injuring Plaintiff.

Dated: January 26, 2024                    Respectfully submitted,

By:/s/ Benjamin Solter
Benjamin Solter
Intelink Law Group, PC
2 Embarcadero Center, 8th Floor
San Francisco, CA 94111
781-752-6369
bsolter@intelinklaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system on this 26th day of January 2024 and served electronically on Plaintiff's counsel of record.